**CONSUMERS PLUMBING & HEATING SUPPLY COMPANY,
Plaintiff-Appellee, v. CHICAGO POTTERY COMPANY,
Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21894.   Decided October 9, 1950.

Oscar J. Green, Cleveland, for plaintiff-appellee.
Squire, Sanders & Dempsey, Frank Harrison, of Counsel, Cleveland, for defendant-appellant.

### OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from an order of the common pleas court overruling defendant's motion seeking to discharge an attachment.

The plaintiff filed its petition setting forth a cause of action based on contract against defendant, a non-resident corporation, which defendant has not qualified to do business in this state under the provisions of §8625-4 et sequi, GC.

The petition was filed on Jan. 3, 1950. Defendant's address contained in the caption was set forth as being in Illinois and the opening paragraph described defendant as a foreign

corporation not qualified to do business in Ohio. A precipe for service was filed with the petition and a summons was issued. The summons was returned, defendant "not found" on January 9, 1950.

With the filing of the petition and the issuing of the summons the plaintiff filed an affidavit in attachment stating that defendant was a foreign corporation which had not qualified to do business in Ohio, and an order of attachment was issued "with notice to garnishee." Likewise upon the filing of the petition an "affidavit for constructive service" was filed and the first notice of the filing of the action was published Jan. 13, 1950.

It is the claim of defendant that the attachment proceeding was filed prior to the "commencement of the action" and therefore void. The theory advanced by defendant is based on the provisions of §11230 GC which reads as follows:

"An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

It is contended that until the date of the first publication of notice as provided by §11292 GC, the action is not "commenced" and that an order of attachment issued prior thereto is void. It will be noted, however, that §11230 GC, defining the time when an action shall be deemed commenced is, by its terms, limited to the subject matter contained in Chapter 2, Division 1, Title 4 of Part Third of the Ohio General Code which deals with "limitations of action." The manner in which an action is commenced is defined by §11279 GC which is part of Chap. 4, Div. 2 of the same title of the General Code and is designated "Commencement of Action." This section provides:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

The grounds of attachment are defined in §11819 GC found in Chap. 2 Div. 6 of Title 4, §11819 GC in part provides:

"In a civil action for the recovery of money at or after

its commencement, the plaintiff may have an attachment against the property of the defendant upon any one of the grounds herein stated: * * *."

The words "at or after its commencement" as used in this section, refer to the manner of bringing the action as defined in §11279 GC supra. Until an action is "commenced" a court is without power to authorize constructive service provided for by §11292 GC. The filing of an attachment proceeding is the only means of "commencing" an action seeking a judgment for money only in cases where personal service cannot be had.

In the case of **Distributing Co. v. Galsworthy Inc. 148 Oh St 567** at page 573 the court said:

"That an attachment proceeding in an 'action in personam' is a separate and ancillary proceeding is clear. That an attachment proceeding in an action 'in rem' is the action is also clear."

In the case of **Endel v. Leibrock, 33 Oh St 254** at page 267, Chief Justice Johnson says:

"In an attachment proceeding which is ancillary to the action, where personal service cannot be made, service by publication cannot be made unless an attachment is lawfully issued and property taken under it or reached by garnishee process, which the court may act on and no attachment can issue without the requisite affidavit."

See also: **Francis v. Allen, 37 O. O. 362, 79 N. E. (2d) 803; 32 O. Jur. 455, Sec. 66, 445 Sec. 56.**

The Supreme Court of the United States in the case of Rorick v. Deven Syndicate Ltd., 307 U. S. 299, 3rd paragraph of syllabus states:

"Under the General Code of Ohio, §§11279, 11819 GC, when a civil action for money has been begun by filing the petition and issuing summons, an attachment or garnishment is not premature because obtained prior to personal service or before commencement of service by publication."

See pages 306 and 307 for the court's consideration of the rule as stated in the third paragraph of the syllabus.

The case of **Crandall v. Irwin, 139 Oh St 463,** upon which defendant relies is one dealing with the subject of "limita-

4

tion of actions." In the 1st paragraph of the opinion by Turner, J., he says:

"Appellee made application for a rehearing on the ground that the petition was filed within the six-year limitation, although no service was had within sixty days thereafter. The hearing is limited to this phase of the case."

This case, therefore, does not deal with the question here under consideration.

Likewise the case of Distributing Co. v. Galsworthy Inc., supra relied on by defendant, is primarily concerned with whether an attachment ordered before a summons was issued was void. The court after disposing of the question of whether the discharge of an attachment before trial on the merits was an appealable order, affirmed the order of the trial court in discharging the attachment for the reason that no precipe for summons was filed or summons issued as disclosed upon the face of the record and therefore the action had not been commenced as provided by §11279 GC. The court in disposing of this question, said, beginning at page 579:

"As no summons was issued or publication made at the time of the levy of the attachment, such attachment was void. The right to an attachment against the property of defendant is a statutory right and unless the conditions of the statute are complied with, no right ripens thereunder. In the case of **Seibert v. Switzer, 35 Oh St 661** it was held in paragraph one of the syllabus:

'An attachment, under the civil code, is an auxiliary proceeding in an action, which may be sued out by the plaintiff, at or after the commencement of such action, by filing a petition and causing a summons to issue thereon.'

"In the Crandall case, supra, we said of the Seibert v. Switzer case:

'It will thus be seen that the question in that case was the **manner** of commencing an action. Time was involved only to the extent of showing that the plaintiff had gotten the cart before the horse, i. e., he had filed an auxiliary proceeding before commencing an action in the manner provided by statute. Of course, no jurisdiction could be obtained by attachment until plaintiff had followed the statute as to the manner of commencing a civil action.'

"We are of the opinion that the Court of Appeals committed no error in the instant case by holding that as the attachment was levied before the action was legally commenced, the attachment was void and should be set aside."

This case therefore supports the plaintiff's contention rather than that of the defendant.

For the foregoing reasons the judgment of the trial court is affirmed. Exceptions noted. Order see journal.

McNAMEE, J, HURD, J, concur.